# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kemuel Mingo, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 10-1673 (BAH) |
| | ) |
| United States Department | ) |
| of Justice *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION

In this action brought under the Freedom of Information Act, ("FOIA") 5 U.S.C. § 552, the Plaintiff, a federal prisoner, challenges the Bureau of Prisons' ("BOP") response to his request for certain records pertaining to him and certain video footage. Pending is the Plaintiff's motion for summary judgment [ECF No. 6], and the Defendants' motion to dismiss one of the two defendants and cross-motion for summary judgment [ECF No. 12].[1] Upon consideration of the parties' submissions and the entire record, and for the following reasons, the Court will deny the Plaintiff's motion for summary judgment and grant both the Defendants' motion to dismiss the defendant BOP and their motion for summary judgment.[2]

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under a federal law – the Freedom of Information Act – and "the district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction is also established by the FOIA statute itself, which provides that "[o]n complaint, the district court of the United States. . . in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Venue is also proper in this District pursuant 28 U.S.C. § 1391(e) because the defendants reside in this District.

[2] Also pending is the Plaintiff's Motion for Leave to Conduct Discovery pursuant to "Rule 56(f)" [ECF No. 17]. The Court assumes that the Plaintiff has moved pursuant to the renumbered Federal Rule of

1

## I. BACKGROUND

By letter of March 29, 2010, the Plaintiff requested from BOP records pertaining to him "in regards to" an "SIS investigation" of an incident that occurred on September 26, 2009, at the United States Penitentiary Big Sandy ("USP Big Sandy") in Lexington, Kentucky. He also requested "a complete copy of the camera footage regarding said incident . . . and the complete camera footage of Unit C-4 on the date of [the] incident[.]"[3] Defs.' Opp'n to Pl.'s Mot. for Summ. J. and Cross-Mot. to Dismiss Def. BOP and for Summ. J., Decl. of Denise Gottleib ("Gottlieb Decl.") [ECF No. 12-1], Ex. A. Following a search for responsive records, BOP located 55 pages of information and two video disks. Gottleib Decl. ¶ 7.

By letter of June 14, 2010, BOP released to the Plaintiff 37 pages of information, 19 of which were redacted. BOP withheld 18 pages and the two video disks in their entirety under FOIA exemption 7(C). *Id*. ¶¶ 8-13; *see* Ex. B (citing 5 U.S.C. § 552(b)((7)(C)). By letter of June 27, 2010, the Plaintiff appealed that determination to the Office of Information and Privacy ("OIP"), stating that the "agency improperly invoked Exemption (b)(7)(C) . . . to the requested video tapes." Pl.'s Mot. for Summ. J., Ex. 3 [ECF No. 6-3]. By letter of August 20, 2010, OIP released additional portions of one page but otherwise affirmed BOP's action, albeit "on partly modified grounds." *Id*., Ex. 5. OIP listed exemptions 2 and 5 as additional

---

Civil Procedure 56(d). Because the Plaintiff has not shown "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition," Fed. R. Civ. P. 56(d), and given that he has filed a summary judgment motion and has opposed the Defendants' cross-motion for summary judgment, the Court will deny the Plaintiff's Rule 56(d) motion as moot.

[3] The Plaintiff further requests the "names and titles of [USP] Big Sandy Employees in their individual capacities," but has not challenged the Defendants' response to that part of the request.

bases for BOP's withholding of information.[4] *Id*. The Plaintiff filed this lawsuit on September 30, 2010, against the Department of Justice ("DOJ") and its component, BOP.

## II. DISCUSSION

### 1. **The Defendants' Motion to Dismiss**

The Defendants move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss BOP from this action. They argue that FOIA lawsuits may be brought only against the federal agency, not its components, and therefore that the only proper defendant in this case is DOJ and not its component BOP. Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. & in Supp. of Defs.' Cross-Mot. to Dismiss Def. BOP and for Summ. J. [ECF No. 12] at 5. This issue is not settled in this Circuit, however. *See Prison Legal News v. Lappin*, 436 F. Supp.2d 17, 21-22 (D.D.C. 2006) (noting "disagreement [among the district judges] in this Circuit regarding what constitutes an 'agency' as it pertains to the District Court's jurisdiction pursuant to the FOIA.") (citations omitted); *compare Benavides v. Bureau of Prisons*, __ F. Supp. 2d __, 2011 WL 1195800, at *5 n.1 (D.D.C. Mar. 30, 2011) (Roberts, J.) (In FOIA suit against BOP, "DOJ is an executive agency to which the FOIA applies, and the Court considers the DOJ as the proper party defendant.") and *Holt v. U.S. Dep't of Justice*, 734 F. Supp. 2d 28, 33 n.1 (D.D.C. 2010) (Walton, J.) (In FOIA suit against DOJ, BOP and FBI, court noted that "DOJ is an executive agency to which the FOIA applies, and the Court considers the

---

[4] Despite OIP's reliance on exemption 2, in the instant action, the Defendants have not invoked this exemption to justify withholding information.

DOJ as the proper party defendant."), *with Cloonan v. Holder*, __ F. Supp. 2d __, 2011 WL 782028, at *7 (D.D.C. Mar. 8, 2011) (Lamberth, J.) ("[T]his Court has previously held that naming components as defendants under the Privacy Act is appropriate since the statute's plain language is clear that 'an agency need not be a cabinet-level agency such as the DOJ' to be liable.") and *Lair v. Dep't of Treasury*, 2005 WL 645228, at *3 (D.D.C. Mar. 21, 2005) ("as for the propriety of naming components in [FOIA suit] of executive departments, naming components is proper.") (Lamberth, J.).

Nevertheless, the Court will grant the motion to dismiss BOP because DOJ is a co-defendant in this action, and the Plaintiff has not contested this part of the Defendants' dispositive motion. *See Vazquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 119 (D.D.C. 2011) (finding no "need [to] dwell on the issue" where DOJ was also a named defendant).

## 2. The Parties' Motions for Summary Judgment

### A. Legal Standard

Summary judgment is appropriate upon a showing that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions. *See* 5 U.S.C. § 552(b). The agency's disclosure

4

obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, the elements of a FOIA claim are: (1) improperly (2) withheld (3) agency records. "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

"Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007) (citations omitted). The Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (*quoting Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). An agency's declarations are "accorded a presumption of good faith, which

cannot be rebutted by purely speculative claims . . . . " *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted); *see Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992) ("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned.") (citation omitted). If the Plaintiff rebuts the foregoing presumptions with probative evidence, summary judgment is not warranted. *See Sussman*, 494 F.3d at 1117 ("the burden lies with the government to demonstrate that no segregable, nonexempt portions were withheld.").

### B. Analysis

The Plaintiff disputes only BOP's withholding of the video disks in their entirety under exemption 7(C). *See* Pl.'s Statement of Fact as to Which There is No Genuine Dispute [ECF No. 6] ¶¶ 7, 10-11, 14, 16 & Ex. 3 (administrative appeal of alleged improper withholding of "requested video tapes"). He therefore has conceded the Defendants' documented bases for redacting information from the released documents -- namely, third-party information under exemption 7(C) and deliberative process material under exemption 5. *See* Gottlieb Decl. ¶¶ 10-11 & Attach. D (*Vaughn i*ndex).

Notwithstanding the Plaintiff's concession, the Court must determine whether, as with the disks, BOP has adequately justified withholding 18 pages of responsive records in their entirety. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999) (requiring the court to make a so-called segregability finding whether raised by the parties or not). An

agency may properly withhold entire records when the "'exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.' " *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (*quoting Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)).

BOP withheld 18 pages and two disks in their entirety under FOIA exemption 7. Gottlieb Decl. ¶¶ 12-13. This exemption allows an agency to withhold records that were compiled for law enforcement purposes and satisfy the requirements of one of the subparts of exemption 7. *Holt v. U. S. Dep't of Justice*, 734 F. Supp. 2d 28, 41 (D.D.C. 2010) (*citing Pratt v. Webster,* 673 F.2d 408, 413, (D.C. Cir. 1982)). In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice,* 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

Consistent with BOP's mission, which includes "provid[ing] for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . .," 18 U.S.C. §4042(a)(2), the BOP is considered a law enforcement agency. *Holt*, 734 F. Supp. 2d at 41 (*citing Quinto v. U.S. Dep't of Justice*, 711 F. Supp. 2d 1, 5-6 (D.D.C. 2010)); *see Swope v. U.S. Dep't of Justice,* 439 F. Supp. 2d 1, 6 (D.D.C. 2006); *Pratt,* 673 F. 2d at 418. Moreover, it is undisputed that the responsive records pertain to an altercation involving over 50 inmates at U.S.P. Big Sandy and that these records were maintained by the Special Investigative Office at

7

that facility. Gottlieb Decl, ¶ 7; Statement of Material Facts [ECF No. 12] ¶3. It is established that these records were created in connection with the BOP's responsibility to "protect[] inmates, staff, and the community," *Butler v. Fed. Bureau of Prisons*, 2005 WL 3274573, at * 3 (D.D.C. Sept. 27, 2005), and therefore relate to the enforcement of federal law. Exemption 7's threshold law enforcement requirement therefore is satisfied.

In this case, the Defendants rely upon exemption 7(C), which protects from disclosure information contained in law enforcement files that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Third-party identifying information contained in law enforcement files is "categorically exempt" from disclosure under exemption 7(C) in the absence of a showing that an overriding public interest warrants disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995); *accord Sussman*, 494 F.3d at 1115 (exemption 7(C) "protects the privacy interests of all persons mentioned in law enforcement records, whether they be investigators, suspects, witnesses, or informants") (citation omitted); *Schoenman v. FBI*, 763 F. Supp. 2d 173, 198 (D.D.C. 2011) (" '[a]bsent exceptional circumstances, the balance [of interests] categorically favors withholding the names . . . of third parties,' as such information is not probative of an agency's performance of its statutory responsibilities.") (*quoting Mays.*, 234 F. 3d at 1327) (alterations in original). The exempt information is not protected if the requester establishes an overriding public interest in disclosure by showing that the information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official."

8

*United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); *accord SafeCard Services, Inc.,* 926 F.2d at 1206; *Davis v. United States Dep't of Justice,* 968 F. 2d 1276, 1281 (D.C. Cir. 1992).

The Defendants submit a declaration describing the withheld pages as the medical records of other inmates and staff who were involved in the altercation, none of whom has consented to the release of such information. Gottlieb Decl. ¶ 12. The Plaintiff does not suggest that an overriding public interest compels the release of those pages. Hence, the Court finds that BOP properly withheld 18 pages of medical records under exemption 7(C).

According to the declaration submitted by the Defendants, two withheld disks contain video of different camera views of the altercation and images of "at least 50 different inmates," who have not consented to a release. Gottlieb Decl. ¶ 13. The Defendants further assert that the disks are not segregable because BOP lacks the technology to do so.

The Plaintiff acknowledges that the disks may contain "portions of the body by which third party individuals could be identified, such as the face, head, or upper torso area and-up [sic]," but he surmises that "such portions can be redacted or deleted . . . ." Decl. Under Penalty of Perjury of Kemuel Mingo [ECF No. 6-2], ¶ 12; *see id.* ¶ 18 (stating that the protected portions "can easily be blurred or deleted"). According to the Plaintiff, "any film[] or digital material[] can be formated [sic] in any way one so chooses without wasting significant time and resources." *Id*. ¶ 16.

However, he does not purport to have any personal knowledge or expertise in this area and has not proffered any credible evidence to support those statements.[5]

On the other hand, the Defendants proffer the declarations of Dave Wilson [ECF No. 13-2], Correctional Services Administrator for BOP's Mid-Atlantic Regional Office, and John Noll [ECF No. 20-1], Facilities Management Specialist, who was formerly the Electronics Technician at USP Big Sandy from August 2007 to January 1, 2010. Both declarants explain that the disks at issue originated from the "digital-media surveillance system ["Vicon"] used in high security level institutions," including USP Big Sandy. Wilson Decl. ¶ 4; Noll Decl. ¶ 4. They also agree that the system "does not include redaction [or editing] capabilities." Wilson Decl. ¶ 5; Noll Decl. ¶ 6.

According to Noll, the Vicon system is designed for security surveillance "with the specific goal of capturing incidents in areas where there is no direct staff presence or visual observation and identifying individuals involved in those incidents." Noll Decl. ¶ 5. While acknowledging that "third party technology exists" to edit images from such disks, Noll, who was responsible for installing, maintaining, and repairing "an array of electronic systems critical to the physical security" of USP Big Sandy at the time of the incident, *id.* ¶ 3, states that neither BOP nor USP Big Sandy "possesses or utilizes technology for redacting, editing or changing the

---

[5] In a sur-reply [ECF No. 24], the Plaintiff has attached a page from a "Technical Reference Manual" and five pages from what appears to be different BOP Program Statements. The Plaintiff does not explain their significance. To the extent he is suggesting that the Defendants purchase equipment capable of redacting the disks to fulfill his request, the FOIA does not provide for such a remedy. *See Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) ("Because the FOIA is concerned with the right of the general public to know what their government is up to, the identity and interest of the party requesting the document are irrelevant to this balancing.") (citation omitted); *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) (same).

captured images whether on the Vicon system or when such images are copied to disk." *Id.* ¶ 6; *see* Wilson Decl. ¶ 5 (stating same).

The Defendants have provided two declarations from Noll and Wilson attesting to the fact that BOP "lacks the technical capability" to redact the disks. Noll Decl. ¶ 6; Wilson Decl. ¶ 5. The Plaintiff has not proffered contrary evidence or evidence of agency bad faith. Accordingly, the Court finds that BOP properly withheld the video disks containing the images of more than 50 individuals in their entirety under FOIA exemption 7(C).[6] *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp.2d 15, 27 (D.D.C. 2008) (approving BOP's withholding of recorded telephone conversations based on evidence that BOP lacked the technical capability to reasonably segregate the recordings) (citing *Swope,* 439 F. Supp. 2d at 5-8*; McMillian v. Fed. Bureau of Prisons*, 2004 WL 4953170, at *7-8 (D.D.C. July 23, 2004)). *Cf. with Maxwell v. O'Neill*, 2002 WL 31367754 (D.D.C., Sept. 12, 2002) ("While responding to FOIA requests, an agency is not required to . . . create individualized records . . . ."); *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985) ("FOIA creates only a right of access to records, not a right to personal services."); *see also* 5 U.S.C. § 552(a)(4)(B) ("a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under . . . subsection (b)").

---

[6] None of the declarants has stated that the disks were reviewed specifically for segregability, but their statements imply as much. The Court may, in some circumstances, direct the agency to supplement the record with a more definitive statement about its segregability review. To do so here, however, where it is already established that record segregability is not technically feasible would only delay the inevitable conclusion favoring the Defendants.

11

The Plaintiff suggests that disclosure of "portions" of the video footage is necessary to "penetrate the veil of administrative secrecy and unconceal FBOP's action to the sight of public's close inspection." Pl.'s Decl. ¶ 12. He states that it "will help answer questions surrounding FBOP official activities, namely whether and/or how FBOP responded to an emergency situation in securing two different prison groups, and whether and/or how accurate FBOP reports and memorandums are to their actions as shown on the videos. In short, I simply want to know what my government is up to." *Id*. ¶ 13.

"Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, a plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. Otherwise, the balancing requirement does not come into play. *See id*. at 175.

The Plaintiff's reasoning is difficult to follow, but he does not seek the withheld information to expose government impropriety and, in fact, has made it clear that "Plaintiff at no time alleged any 'government wrongdoing'." Pl.'s Opp'n to Defs.' Mot. for Summ. J. and Reply to Defs.' Opp'n to Pl.'s Mot. for Summ. J. and Cross-Motion to Dismiss Def. BOP and for Summ. J. [ECF No. 15] at 3. Hence, absent any claim of an overriding public interest, the Court finds that the Defendants are

entitled to summary judgment on its application of exemption 7(C) to the withheld material.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the Defendants have satisfied their disclosure obligations under the FOIA. The Defendants' motions to dismiss and for summary judgment are therefore GRANTED, the Plaintiff's motion for summary judgment is DENIED. In addition, the Plaintiff's motion for discovery is DENIED as moot. A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: June 29, 2011